

**FILED**
**May 02, 2018**
**07:56 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MEMPHIS

| | | |
|---|---|---|
| **EDWARD OGLESBY,** | ) | **Docket No.: 2017-08-1148** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED PARCEL SERVICE. INC.,** | ) | **State File No.: 68608-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| **LIBERTY MUTUAL INS. CO.,** | ) | **Judge Deana C. Seymour** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

---

Mr. Oglesby requested medical and temporary disability benefits for an injury on September 4, 2017. UPS denied his claim on grounds that he violated a safety rule. The Court heard the contested issues at an Expedited Hearing on April 6, 2018, and holds UPS failed to establish it would likely prevail on its defense at a hearing on the merits. Thus, the Court holds Mr. Oglesby is entitled to medical benefits but finds he did not present sufficient evidence to prove entitlement to temporary disability benefits at this time.

### History of Claim

Mr. Oglesby was a plant engineering mechanic for UPS. On September 4, he attempted to repair a stopped conveyor belt on an unloader machine. The power to the unloader was on, but the belt was not moving. An illuminated belt-tracking light on the control panel indicated the conveyor belt was off track. He noted the conveyer belt was misplaced further off track than other belts he had seen. He concluded the conveyer belt stopped because it had tracked off line.

Mr. Oglesby elected to adjust the pulley located underneath the front of the unloader to center the belt to track properly. The unloader was powered up and had the ability to run, so Mr. Oglesby chose to perform a live (power on) tracking repair to see the belt run as he adjusted the pulley. Mr. Oglesby stated that he asked a hub operations

1

manager, Nate Barker, to stand by the power disconnect panel to turn the unloader off during repair if necessary.[1] He lay on his back and removed a guard to determine where to make the belt adjustments.[2] The belt began to move and pulled Mr. Oglesby's right arm into the unloader. Mr. Barker heard Mr. Oglesby's scream and hit the disconnect switch.

Rodney Robinson, UPS's facility engineering manager, described Mr. Oglesby as a good, safety-conscious employee but testified that he should have powered off the unloader while he inspected it.[3] Mr. Oglesby could then have elected to turn on the machine and perform a live conveyor repair if necessary. Mr. Robinson acknowledged UPS's safety rules did not require an employee to turn off the unloader before performing a live repair. Mr. Robinson testified that once Mr. Oglesby determined what he needed to repair the conveyer, "it's his discretion whether it's a live conveyor repair."

Mr. Robinson further testified he visited Mr. Oglesby in the hospital where Mr. Oglesby told him that he reached for debris "and the next thing he knew, he was hung in the machine." Mr. Oglesby did not recall that exchange with Mr. Robinson and denied he grabbed debris while beneath the unloader. Mr. Robinson said he did not see paper or debris at the scene.

Mr. Robinson sent an email to UPS's human resources and his management team regarding Mr. Oglesby's admission. Mr. Robinson testified that UPS determined the belt stopped because the belt tracking switch activated, but UPS did not know what activated the switch. Andy Holliman, plant engineering supervisor, testified by deposition that, in his opinion, a live conveyor repair cannot be performed on a nonmoving conveyor belt. However, he did not see Mr. Oglesby working on the conveyor belt on September 4, and he agreed he did not know why the conveyor stopped.

Nate Barker testified he saw Mr. Oglesby initially disconnect the power from the unloader, then reconnect the power before he began his repair.[4] Mr. Barker was standing near the emergency disconnect button when he heard Mr. Oglesby scream and immediately hit the emergency stop to turn off the unloader.

---

[1] Nate Barker denied Mr. Oglesby asked him to stand by the power disconnect. UPS argued Nate Barker did not know about live conveyor repair but conceded he was a member of management.

[2] Mr. Ogelsby used a key he was authorized to carry to unlock the machine guard.

[3] Mr. Robinson testified in person at trial, and his deposition, containing twenty-one exhibits, was introduced into evidence. The Court reviewed the deposition, considered all objections, and accepted all testimony and exhibits in reaching its decision.

[4] Mr. Oglesby testified he did not remember disconnecting the power from the unloader or Mr. Barker asking him if he intended to disconnect the power before returning underneath the unloader.

UPS denied Mr. Oglesby's claim, asserting he willfully violated a safety rule when he failed to "lock out and tag out," which means he failed to power-off the machine before crawling underneath it. UPS contended that violation of this rule barred Mr. Oglesby's claim.

For his part, Mr. Oglesby asserted he was performing a "live conveyor repair" under UPS' safety policy and procedures, consistent with his experience and training. He testified this routine repair allowed him to inspect the conveyor belt as he adjusted the pulley to move the belt on line.

### Findings of Fact and Conclusions of Law

*Standard applied*

The parties stipulated the injury occurred at work.

UPS bears the burden of proof on the essential elements of its affirmative defense. *Roper v. Allegis Group,* 2017 TN Wrk. Comp. App. Bd. LEXIS 14 (Feb. 10, 2017). It must present sufficient evidence from which this Court might determine it is likely to prevail on its defense at a hearing on the merits.

*Misconduct defense*

Tennessee Code Annotated section 50-6-110(a)(4) (2017) provides that no compensation shall be allowed for an injury due to an employee's "willful failure or refusal to use a safety device." After careful consideration, the Court holds UPS is unlikely to meet its burden of establishing all elements of this defense at a hearing on the merits.

In *Mitchell v. Fayetteville Pub. Utils.,* 368 S.W.3d 442 (Tenn. 2012),[5] the Supreme Court held that an employer must prove the following to prevail on a safety rule defense: (1) the employee's actual, as opposed to constructive notice of the rule; (2) the employee's understanding of the danger involved in violating the rule; (3) the employer's bona fide enforcement of the rule; and, (4) the employee's lack of a valid excuse for violating the rule. *Id.* at 453.

Here, the proof shows that UPS trained Mr. Oglesby in all areas of its policies and procedures, which included lock out/tag out and live tracking repairs. UPS provided him with training materials and courses related to maintenance and tracking repairs. Mr. Oglesby acknowledged his extensive training through UPS. He diagnosed the belt tracking issue without having to turn off the unloader. Mr. Oglesby intended to perform a

---

[5] The Appeals Board cited *Mitchell v. Fayetteville Pub. Utils.* as applicable to cases under the Reform Act of 2013 in *Gonzales v. ABC Prof' l Tree Servs.,* 2014 TN Wrk. Comp. App. Bd. LEXIS 2 (Nov. 20, 2014). The *Mitchell* Court also noted that the violation of a safety rule is analogous to willful failure to use a safety device. 368 S.W.3d at 453.

"live conveyor repair" under UPS's safety policy and procedures, consistent with his experience and training. Mr. Robinson acknowledged that UPS's rules do not require that an employee turn off the unloader to make this repair and that the decision to undertake a live conveyor repair is discretionary.

Based on this evidence, the Court cannot conclude that Mr. Oglesby violated a safety rule. To the contrary, at this time, the evidence shows he performed the task in an acceptable manner. The evidence is insufficient to show that Mr. Oglesby intentionally violated a safety rule.

Thus, the Court holds UPS failed to establish it would likely prevail on its defense at a hearing on the merits and that Mr. Oglesby has shown he is likely to prevail at a hearing on the merits regarding his claim for benefits.

*Medical Benefits*

Having found Mr. Oglesby is likely to prevail at a hearing on the merits, the Court holds he is entitled to medical benefits in accordance with Tennessee Code Annotated section 50-6-204 (2017). Therefore, UPS "shall furnish [Mr. Oglesby] . . . such medical and surgical treatment . . . made reasonably necessary by [his] accident[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A). In addition to payment of medical bills incurred to date, UPS shall furnish Mr. Oglesby a panel of physicians competent to treat his injuries related to the claim.

*Temporary Disability Benefits*

To establish entitlement to temporary disability benefits, Mr. Oglesby must show (1) he became disabled from working due to a compensable injury; (2) a causal connection exists between the injury and his inability to work; and (3) the specific duration of his disability. *Jones v. Crencor*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

Here, Mr. Oglesby did not establish the time he was unable to work because of his injury. Therefore, the Court finds Mr. Oglesby did not present sufficient evidence to demonstrate his entitlement to temporary disability benefits at this time. The Court notes that Mr. Oglesby sustained a substantial right arm injury and has not yet returned to work. Therefore, the parties may determine the amount of temporary disability benefits to which Mr. Oglesby is entitled. Otherwise, Mr. Oglesby may file a request for hearing to present proof to the Court related to this issue.

**IT IS, THEREFORE, ORDERED** as follows:

1. UPS shall pay for medical treatment incurred to date and provide Mr. Oglesby with a panel of physicians pursuant to Tennessee Code Annotated section 50-6-204.

2. Mr. Oglesby's request for temporary disability benefits is denied at this time.

3. This matter is set for a Scheduling (Status) Hearing on **June 11, 2018, at 10:00 a.m. Central Time. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Hearing. Failure to call may result in a determination of the issues without your participation.**

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov .

ENTERED this the⤳ day of May, 2018.

**JUDGE DEANA C. SEYMOUR**
**Court of Workers' Compensation Claims**

5

# APPENDIX

Exhibits:
1. Affidavit of Edward Oglesby
2. Medical bills from Regional One Health
3. 2017 Compliance/CHSP Assessment – Lockout Authorized Employee – DOK
4. Safe Work Methods – Plant Engineering – Training Form
5. Certificate of Completion 0193 – HS CBT Lockout dated May 24, 2017
6. CHSP/4:1 Process Observation Form: P/E Mechanic
7. Certificate of Completion 0193 - HS CBT Lockout dated February 1, 2017
8. Annual Periodic Inspection and Employee Observation Form
9. Form C-20 Employer's First Report of Work Injury or Illness
10. Form C-23 Notice of Denial of Claim for Compensation
11. Form C-41 Wage Statement
12. Deposition transcript of Rodney Robinson with exhibits
13. Deposition transcript of Andy Holliman
14. Deposition transcript of Edward Oglesby


Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. UPS's Expedited Hearing Submission
5. Mr. Oglesby's Pre-Hearing Brief

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 2nd day of May 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| William Ryan, Employee's Attorney | | | X | billy@donatilaw.com |
| Garrett Estep, Employer's Attorney | | | X | gestep@farris-law.com |

Penny Shrum, Clerk
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

7



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Filed Date Stamp Here**

**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

**List of Parties**

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee


Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**


## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.



[Signature of appellant or attorney for appellant] _____



LB-1099    rev.4/15                    Page 2 of 2                    RDA 11082



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____ , having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name: _____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month    Telephone       $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water            $ _____ per month    Clothing        $ _____ per month

Gas              $ _____ per month    Child Care      $ _____ per month

Transportation   $ _____ per month    Child Support   $ _____ per month

Car              $_____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile            $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House                 $ _____    (FMV) _____

Other                 $ _____    Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                      RDA 11082